```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA

GEORGE BROWN, ET AL.                    CIVIL ACTION

VERSUS                                  NO: 12-1180

NEW ORLEANS POLICE                      SECTION: "A" (4)
DEPARTMENT, ET AL.
```

**ORDER**

Before the Court is a **Motion to Dismiss for Failure to State a Claim, or in the Alternative, Motion to Strike (Rec. Doc. 36)** filed by Defendant, the City of New Orleans.  Plaintiffs George Brown and Daniel Mack oppose the motion.  The motion, scheduled for submission on February 13, 2013, is before the Court on the briefs without oral argument.

This action arises under the provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.  Plaintiff Brown is currently employed by the New Orleans Police Department and plaintiff Mack is a retired New Orleans police officer.  Plaintiffs contend that the City has failed to include educational pay incentives and other special rates of pay in overtime calculations.  In Count I of their Second Amended Complaint (Rec. Doc. 30), Plaintiffs seek certification of a collective action so that all present and former members of the NOPD can assert their overtime claims.  In Count II, Plaintiffs request a declaratory judgment to the effect that educational and special pay rates must be included in calculating the regular rate of pay on which overtime

compensation is paid.

Via the instant Motion to Dismiss, the City argues that declaratory relief is unavailable where the cause of action is grounded on past conduct.  The City urges the Court to exercise its discretion to dismiss the request for declaratory relief brought in Count II of the Second Amended Complaint.

The Court does not find the City's motion to be persuasive.  The request for declaratory relief is merely ancillary to the FLSA retrospective relief sought in Count I.  Plaintiffs contend in their opposition memorandum that the declaratory relief they request is intended to apply prospectively, and the Court can discern no reason why Plaintiffs would lack standing to seek prospective declaratory relief, although in the absence of an injunction such relief would likely lack any real coercive effect.  Because the City can cite no controlling authority for the relief that it seeks, and because dismissal of Count II lies solely within the Court's discretion, the City's motion is DENIED.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss for Failure to State a Claim, or in the Alternative, Motion to Strike (Rec. Doc. 36)** filed by Defendant, the City of New Orleans is **DENIED**.

February 14, 2013

                                   _____
                                           JAY C. ZAINEY
                                   UNITED STATES DISTRICT JUDGE